**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.:**

**KEEAIRA WILLIAMS,**
**an Individual,**

      **Plaintiff,**

**v.**

**RUI SEASIDE LLC,**
**a Foreign Limited Liability Company,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, **KEEAIRA WILLIAMS** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### PARTIES. JURISDICTION, AND VENUE

2.    Plaintiff is an adult individual.

3.    Defendant is a Foreign Limited Liability Company that operates and conducts business in, among others, Lee County, Florida, and is thus within this court's jurisdiction.

4.    At all times relevant hereto, Plaintiff was an employee of Defendant in Lee County, Florida.

5.    Plaintiff worked for Defendant in Lee County, Florida, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

6.    This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7.    At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff's son suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave

to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9.     Plaintiff worked for Defendant, most recently as a Medical Technician in Fort Myers, Florida, from February 2, 2019, until her termination on July 18, 2024.

10.     During her years with Defendant, Plaintiff was an excellent and reliable employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

11.     In the Spring of 2024, Plaintiff disclosed to her Supervisors that she was pregnant, with an expected delivery date in mid-September of 2024.

12.     In early July of 2024, Plaintiff began preparing an application for FMLA leave in order to prepare for the delivery of her child and her subsequent recuperation.

13.     On July 18, 2024, before Plaintiff was even able to complete the process of applying for FMLA leave for her pregnancy and childbirth, Defendant informed Plaintiff that it had decided to terminate her employment, effective immediately.

14.     Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

15. Defendant claimed to have terminated for administering medication to a resident in Defendant's Dining Room.

16. This is clear pretext as Defendant's Nurses and Medical Technicians routinely administered medications to residents in the Defendant's Dining Room.

17. It is clear that Defendant retaliated against Plaintiff for disclosing her need to utilize FMLA leave.

18. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff is pure pretext.

19. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff requesting protected FMLA leave.

20. Defendant's actions were unlawful and constitute actionable violations of the FMLA.

21. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her pregnancy and requesting leave), and unquestionably suffered an adverse employment action (termination).

22. The timing of Defendant's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case.*

23. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

24. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

25. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

26. The timing of Plaintiff's disclosure of her need for FMLA leave and Defendant's termination of her employment alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

27. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted use of protected FMLA leave.

28. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

29. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

30. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA**

31.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30, above.

32.    At all times relevant hereto, Plaintiff was protected by the FMLA.

33.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

34.    At all times relevant hereto, Defendant interfered with Plaintiff by failing to return Plaintiff to her original position.

35.    As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36.    As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into her position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

37.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30, above.

38.     At all times relevant hereto, Plaintiff was protected by the FMLA.

39.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

40.     At all times relevant hereto, Defendant retaliated against Plaintiff by discharging her for utilizing or attempting to utilize what should have been job-protected FMLA leave, and for her request for maternity leave.

41.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

42.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under

penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED this 17th day of July, 2026.

Respectfully Submitted,

**_/s/ Nicholas Vimo_**
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorneys for Plaintiff*